1

2

3

4

5

6

7              IN THE UNITED STATES DISTRICT COURT

8           FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10  SANDRA M. LEE,                    )
                                      )      2:08-cv-02787-GEB-JFM
11              Plaintiff,            )
                                      )
12       v.                           )      STATUS (PRETRIAL
                                      )      SCHEDULING) ORDER
13  VICTOR COMMUNITY SUPPORT SERVICES, )
    INC.,                             )
14                                    )
                Defendant.            )
15  _____ )

16          The status (pretrial scheduling) conference scheduled for

17  March 2, 2009, is vacated since the parties' Joint Status Report

18  ("JSR") indicates that the following Order should issue.

19          SERVICE, JOINDER OF ADDITIONAL PARTIES, AMENDMENT

20          No further service, joinder of parties or amendments to

21  pleadings is permitted, except with leave of Court, good cause having

22  been shown.

23                          DISCOVERY

24          All discovery shall be completed by November 30, 2009.  In

25  this context, "completed" means that all discovery shall have been

26  conducted so that all depositions have been taken and any disputes

27  relative to discovery shall have been resolved by appropriate orders,

28  if necessary, and, where discovery has been ordered, the order has

1

been complied with or, alternatively, the time allowed for such compliance shall have expired.[1]

Each party shall comply with Federal Rule of Civil Procedure 26(a)(2)'s initial expert witness disclosure and report requirements on or before September 8, 2009, and with any rebuttal expert disclosure authorized under the Rule on or before September 28, 2009.

<u>MOTION HEARING SCHEDULE</u>

The last hearing date for motions shall be January 25, 2010, at 9:00 a.m.[2]

Motions shall be filed in accordance with Local Rule 78-230(b).  Opposition papers shall be filed in accordance with Local Rule 78-230(c).  <u>Failure to comply with this local rule may be deemed consent to the motion and the Court may dispose of the motion summarily</u>.  <u>Brydges v. Lewis</u>, 18 F.3d 651, 652-53 (9th Cir. 1994). Further, failure to timely oppose a summary judgment motion may result in the granting of that motion if the movant shifts the burden to the nonmovant to demonstrate a genuine issue of material fact remains for trial.  <u>Cf.</u> <u>Marshall v. Gates</u>, 44 F.3d 722 (9th Cir. 1995).

Absent highly unusual circumstances, reconsideration of a motion is appropriate only where:

/ / /

---

[1]   The parties are advised that the Magistrate Judges in the Eastern District are responsible for resolving discovery disputes.  <u>See</u> Local Rule 72-302(c)(1).  Accordingly, counsel shall direct all discovery-related matters to the Magistrate Judge assigned to this case. A party conducting discovery near the discovery "completion" date runs the risk of losing the opportunity to have a judge resolve discovery motions pursuant to the Local Rules.

[2]   This time deadline does not apply to motions for continuances, temporary restraining orders, emergency applications, or motions under Rule 16(e) of the Federal Rules of Civil Procedure.

1       (1)  The Court is presented with newly discovered evidence

2 that could not reasonably have been discovered prior to the filing of

3 the party's motion or opposition papers;

4       (2)  The Court committed clear error or the initial decision

5 was manifestly unjust; or

6       (3)  There is an intervening change in controlling law.

7 A motion for reconsideration based on newly discovered evidence shall

8 set forth, in detail, the reason why said evidence could not

9 reasonably have been discovered prior to the filing of the party's

10 motion or opposition papers.  Motions for reconsideration shall comply

11 with Local Rule 78-230(k) in all other respects.

12      The parties are cautioned that an untimely motion

13 characterized as a motion in limine may be summarily denied.  A motion

14 in limine addresses the admissibility of evidence.

15 FINAL PRETRIAL CONFERENCE

16      The final pretrial conference is set for March 22, 2010, at

17 2:30 p.m.  The parties are cautioned that the lead attorney who WILL

18 TRY THE CASE for each party shall attend the final pretrial

19 conference.  In addition, all persons representing themselves and

20 appearing in propria persona must attend the pretrial conference.

21      The parties are warned that non-trial worthy issues could be

22 eliminated *sua sponte* "[i]f the pretrial conference discloses that no

23 material facts are in dispute and that the undisputed facts entitle

24 one of the parties to judgment as a matter of law."  Portsmouth Square

25 v. S'holders Protective Comm., 770 F.2d 866, 869 (9th Cir. 1985).

26 / / /

27 / / /

28 / / /

The parties shall file a <u>JOINT</u> pretrial statement no later than seven (7) calendar days prior to the final pretrial conference.[3] The joint pretrial statement shall specify the issues for trial and shall estimate the length of the trial.[4]  The Court uses the parties' joint pretrial statement to prepare its final pretrial order and could issue the final pretrial order without holding the scheduled final pretrial conference.  See <u>Mizwicki v. Helwig</u>, 196 F.3d 828, 833 (7th Cir. 1999) ("There is no requirement that the court hold a pretrial conference.").  The final pretrial order supersedes the pleadings and controls the facts and issues which may be presented at trial.  Issues asserted in pleadings which are not preserved for trial in the final pretrial order cannot be raised at trial.  <u>Hotel Emp., et al. Health Tr. v. Elks Lodge 1450</u>, 827 F.2d 1324, 1329 (9th Cir. 1987) ("Issues not preserved in the pretrial order are eliminated from the action."); <u>Valley Ranch Dev. Co. v. F.D.I.C.</u>, 960 F.2d 550, 554 (5th Cir. 1992) (indicating that an issue omitted from the pretrial order is waived, even if it appeared in the pleading); <u>cf.</u> <u>Raney v. Dist. of Columbia</u>, 892 F. Supp. 283 (D.D.C. 1995) (refusing to modify the pretrial order to allow assertion of a previously-pled statute of limitations defense); <u>Olympia Co. v. Celotex Corp.</u>, 597 F. Supp. 285, 289 (E.D. La. 1984) (indicating that "[a]ny factual contention, legal

---

[3]    The failure of one or more of the parties to participate in the preparation of any joint document required to be filed in this case does not excuse the other parties from their obligation to timely file the document in accordance with this Order.  In the event a party fails to participate as ordered, the party or parties timely submitting the document shall include a declaration explaining why they were unable to obtain the cooperation of the other party.

[4]    **The joint pretrial statement shall also state how much time each party desires for voir dire, opening statements, and closing arguments.**

contention, any claim for relief or defense in whole or in part, or affirmative matter not set forth in [the pretrial statement] shall be deemed . . . withdrawn, notwithstanding the contentions of any pleadings or other papers previously filed [in the action]").

If possible, at the time of filing the joint pretrial statement counsel shall also email it in a format compatible with WordPerfect to: geborders@caed.uscourts.gov.

<u>TRIAL SETTING</u>

Trial is set for June 22, 2010, commencing at 9:00 a.m.

<u>MISCELLANEOUS</u>

The parties are reminded that pursuant to Federal Rule of Civil Procedure 16(b), the Status (Pretrial Scheduling) Order **shall not be modified except by leave of Court upon a showing of good cause. Counsel are cautioned that a mere stipulation by itself to change dates does not constitute good cause.**

IT IS SO ORDERED.

**Dated:  February 24, 2009**

_____
GARLAND E. BURRELL, JR.
**United States District Judge**